IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES S. SNELLGROVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:17-cv-500 |
| v. | ) 2017-CV-_____ |
| | ) |
| COMMON BOND TITLE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Common Bond Title, LLC and Preferred Title Agency, Inc. [1] (hereinafter collectively "Title Agents"), while fully reserving their rights to object to service, jurisdiction, and venue, and without waiving any of its other defenses or objections, removes to this Court the civil action styled, *James Snellgrove v. Common Bond Title, LLC, et al.*, Case No. CV-2017-900300, which was originally filed in the Circuit Court of Houston County, Alabama, by Plaintiff James Snellgrove (hereinafter "Plaintiff"). The specific grounds for removal are as follows:

## BACKGROUND

1. On June 21, 2017, Plaintiff filed a Complaint in the Circuit Court of Houston County, Alabama, naming Title Agents as defendants.

---

[1] Preferred Title Agency, Inc. is a dissolved corporation.

1913569.2

2. All defendants join in or consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

3. Plaintiff's Complaint asserts violations of RESPA and state law causes of action arising out of a title search performed in connection with issuing title insurance.

## TIMELINESS OF NOTICE OF REMOVAL

4. On June 28, 2017, Plaintiff served Preferred Title Agency, Inc.'s former registered agent.

5. Plaintiff has not served Common Bond Title, LLC.

6. Because Title Agents file this Notice of Removal within 30 days of being served with the Complaint, the Notice is timely under 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. In his Complaint, Plaintiff asserts violations of the Real Estate Settlement Procedures Act ("RESPA). (See Compl. ¶¶ 72-74.)

9. "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges RESPA violations. Boone v. JP Morgan Chase Bank, 447 F.

1913569.2

2

App'x 961, 963 (11th Cir. 2011) ("Here, removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA."); Fabre v. Bank of Am., NA, 523 F. App'x 661, 664 (11th Cir. 2013).

## SUPPLEMENTAL JURISDICTION

10. In addition to federal question jurisdiction under §1331, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over such claims exists when the state law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006). Plaintiff's state law claims are based on the same set of operative facts that form the basis for his federal claims and, therefore, the state law claims are part of the same case or controversy.

## VENUE

11. Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. The United States District Court for the Middle District of Alabama, Northern Division, is the district embracing Houston County, Alabama—the location of the pending state court action.

1913569.2

3

## **PROCEDURAL COMPLIANCE**

12. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Title Agents through this date, are attached hereto as Exhibit 1.

13. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Title Agents will send written notice and a copy of the Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Circuit Clerk for Houston County, Alabama. A copy of the state court filing will subsequently be filed as Exhibit 2 to this Notice of Removal.

WHEREFORE, Title Agents pray that this Notice of Removal be deemed good and sufficient, that Plaintiff's Complaint be removed from the Circuit Court of Houston County, Alabama to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

/s/ T. Dylan Reeves
T. Dylan Reeves
Attorney For Common Bond Title, LLC &
Preferred Title Agency, Inc.

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800

1913569.2

4

Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 725-6403 (direct)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I filed the foregoing with the Clerk of the Court via Federal Express Overnight delivery, and will send notification of such filing to the following:

Todd Derrick, Esq.
Hall, Derrick & Register, PA
PO Box 1748
Dothan, AL 36302

OF COUNSEL