IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES SNELLGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-500-WKW-SRW |
| | ) | |
| COMMON BOND TITLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on August 31, 2017, the District Judge referred this case to the Magistrate Judge for action or recommendation on all pretrial matters.[1] *See* Doc. 14. This matter is before the court on the following motions: (1) a motion to dismiss by defendant Common Bond Title, LLC; (2) a motion to dismiss by defendant Preferred Title Agency, Inc.; (3) a motion to transfer venue to the United States District Court for the Northern District of Alabama filed by the defendants; and (4) a motion to strike paragraph three of the plaintiff's declaration filed by the defendants. *See* Doc. 4; Doc. 6; Doc. 8; Doc. 18. The motions have been fully briefed and are ripe for decision. For the reasons discussed herein, the motion to strike and the motion to transfer venue are due to be granted, and the motions to dismiss are due to be held in abeyance for resolution by the transferee court.

I.     **Introduction**

---

[1] This cause was previously assigned to United States Magistrate Judge Gray M. Borden. On September 13, 2017, the case was reassigned to the undersigned Magistrate Judge.

Plaintiff James Snellgrove, through his attorney of record, filed this lawsuit against defendants Common Bond Title, LLC, and Preferred Title Agency, Inc., in the Circuit Court of Houston County, Alabama, on June 21, 2017. *See* Doc. 1-2. According to the plaintiff's allegations, on February 26, 2010, he purchased a home in Dothan, Alabama, and he financed the purchase with a mortgage. He closed on the purchase with defendant Preferred Title Agency, Inc. – a predecessor corporate entity to defendant Common Bond Title, LLC – which "issued … an Owner's Policy of Title Insurance" and "represented to [plaintiff] that the ownership and title to his new home was clear, except for [his] mortgage[.]" *Id.* at 2. Plaintiff refinanced the mortgage on the property in 2012 through Common Bond Title, LLC.

In November 2016, the plaintiff applied to refinance the property through MidSouth Bank. The loan application was denied because of a judgment lien against the property that was recorded after the plaintiff closed on February 26, 2010, but before the deed was recorded on March 16, 2010. Plaintiff asserts that the first notice he received of the judgment lien was in 2016. He sues under the theory that the lien should have been discovered and disclosed to him by the defendants in 2012, and he asserts that he has suffered significant financial loss as a result of the defendants' failure to discover or disclose the judgment lien. Plaintiff brings claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and asserts various state law causes of action under Alabama law for breach of contract, fraud, negligence, wantonness, and unjust enrichment.

On July 25, 2017, the defendants filed a notice of removal on the basis that this court has federal question jurisdiction due to plaintiff's RESPA claim. *See* 28 U.S.C. § 1331. Plaintiff did not challenge the removal, and the court finds that there is subject matter jurisdiction over this dispute. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*[.]"). Shortly after the notice of removal, the defendants filed the instant motions.

The court must first reach the merits of the motion to transfer venue because a ruling on that motion determines whether the court should decide the motions to dismiss. If, as here, transfer of venue is appropriate, a transferring court will hold in abeyance pending dispositive motions for disposition by the transferee court. *See*, *e.g.*, *Bell v. Rosen*, 2015 WL 5595806, at *16 (S.D. Ga. Sept. 22, 2015) ("Based on the Court's decision to transfer this case to another venue, the Court declines to consider the portion of Defendants' Motion calling for an evaluation of Plaintiffs' claims on the merits."). First, however, the court will rule on defendants' motion to strike a portion of the plaintiff's affidavit, which is submitted as evidence in opposition to the motion to transfer venue.

## II.    Discussion

### A.    Defendants' Motion to Strike

In opposition to the motion to transfer venue, the plaintiff filed an affidavit, signed under penalty of perjury and based on his "personal knowledge," in which he testified, in relevant part, that "[a]ll closing and transactions with both Preferred Title Agency, Inc. and

3

Common Bond Title, LLC associated with [the] property occurred in Houston County." Doc. 16-1 at 1, Para. 3. Houston County, Alabama, is in the Southern Division of the Middle District of Alabama. Plaintiff seeks to use his affidavit testimony to support his argument that venue is proper exclusively in the Middle District of Alabama because, according to plaintiff, all events related to this litigation occurred in this district. *See* Doc. 16 at 2 ("Everything happened in Houston County."). The plaintiff relies solely on his affidavit testimony that "all" closing and transaction events happened in this judicial district to support that argument.

The defendants move to strike Paragraph 3 of the plaintiff's affidavit on the ground that the plaintiff lacks personal knowledge to testify that "all" closing events and transactions took place in Houston County, Alabama. Doc. 18 at 1-2 (citing Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.")). "For a matter to be considered within a witness's personal knowledge, it must be 'derived from the exercise of his own senses, not from the reports of others – in other words, [it] must be founded on personal observation[.]'" *Poitevint v. United Recovery Sys.*, LP, 899 F. Supp. 2d 1230, 1235 (N.D. Fla. 2012) (quoting *U.S. v. Evans*, 484 F.2d 1178, 1181 (2nd Cir. 1973)) (striking paragraphs of an affidavit that are not based on the affiant's personal knowledge); *see also New York ex rel. Spitzer v. Saint Francis Hosp.*, 94 F. Supp. 2d 423, 427 (S.D. N.Y. 2000)

(test for admissibility under Rule 602 is "whether a reasonable trier of fact could believe the witness had personal knowledge of the facts to which he is testifying").[2]

Defendants contend that "all closing and transactions" means exactly that, and that the plaintiff has not shown a foundation of personal knowledge to testify about matters related to the closing and transactions insofar as the defendants' business operations are concerned – specifically, and material to plaintiff's RESPA claim, where defendants accepted payment and perform title search work. *Id.* at 2. In opposition to the motion to strike, the plaintiff argues that "all" does not really mean "all." Doc. 23 at 1-2 ("If the Defendants seriously contend that Mr. Snellgrove is claiming "<u>All</u>" closings and transactions for <u>all</u> places and <u>all</u> times occurred in Houston County, he obviously is not.") (emphasis in original). Plaintiff's counsel asserts that the plaintiff's affidavit "establishes that all closings and transactions he had with [defendants] associated with the property that is related to this claim occurred in Houston County." Doc. 23 at 2. However, plaintiff's

---

[2] The court acknowledges the non-binding decision of *Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882 (M.D. Fla. 1993), in which the Court denied a Rule 602 motion to strike an affidavit because it was based on "information and belief" and not on personal knowledge because, in that court's opinion, "§ 1404(a) does not expressly require that an affidavit submitted in support of a transfer motion be based on personal knowledge[.]" *Id.* at 884. The Court reasoned that affidavits submitted upon "information and belief" were entitled to be considered for purposes of ruling on a § 1404(a) because the affiant "does not guarantee the accuracy of the data, but he does assume the responsibility of being satisfied upon the best of his information and belief that the data is accurate." *Id.* (citation omitted). In the present case, however, the plaintiff testifies that he has "personal knowledge of the facts" set out in his affidavit. Doc. 16-1 at 1. By submitting an affidavit that is based on personal knowledge, the plaintiff has guaranteed the accuracy of the information, and the provisions of Rule 602 are applicable such that the plaintiff must present a foundation for his personal knowledge. Moreover, affidavits that are based on personal knowledge are entitled to greater weight than those that are sworn upon information and belief. *See, e.g.*, *Del Zotto v. Universal Physician Servs.*, LLC, 214 F. Supp. 3d 499, 504 (D.S.C. 2016) (discussing *Tingley Sys. Inc.* and giving greater weight to affidavits that are based on personal knowledge and less weight to affidavits submitted upon information and belief when ruling on a motion to transfer venue pursuant to § 1404(a)).

counsel cannot amend or clarify the plaintiff's affidavit through arguments in a brief. *See*, *e.g.*, *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1351 (N.D. Ala. 1999), *aff'd sub nom. Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) (" … statements and arguments of counsel are not evidence …") (quoting *United States v. Smith*, 918 F.2d 1551, 1561 (11th Cir. 1990)); *Sharp Realty & Mgmt., LLC v. Capitol Specialty Ins. Corp.*, 2012 WL 2049817, at *12 (N.D. Ala. May 31, 2012), *aff'd*, 503 F. App'x 704 (11th Cir. 2013) ("There is no question that '[u]nadorned representations of counsel in a summary judgment brief are not a substitute for appropriate record evidence.'") (quoting *Taylor v. Holiday Isle, LLC*, 561 F.Supp.2d 1269, 1275 n. 11 (S.D. Ala. 2008)) (bracketed text in original). The plaintiff's sworn testimony can only be clarified or amended through other sworn testimony, and such testimony is not before the court.

In an effort to demonstrate that the plaintiff has personal knowledge, the plaintiff argues that a HUD-1 form in the court's record lends evidentiary support for the plaintiff's affidavit testimony in Paragraph 3. The HUD-1, which is not signed or dated, indicates that the "Place of Settlement" for the property at issue is 2220 Montgomery Highway, Dothan, Alabama. Doc. 3 at 35-36. The plaintiff does not make any arguments about the legal or factual significance of the words "Place of Settlement" on the unsigned, undated HUD-1 form except to note that the document indicates that the defendants are to be paid from the settlement funds. *See* Doc. 16 at 2. According to the HUD-1, Common Bond Title, LLC and the plaintiff's mortgagor are located in the Northern District of Alabama. The HUD-1 does not address the material fact at issue for purposes of venue – the place where defendants accepted payment. *See* Section II.B.1, *infra*. Insofar as the plaintiff contends

that the HUD-1 provides a basis for the plaintiff's personal knowledge that all closing and transactions occurred in Houston County, the plaintiff has not provided any testimony that he saw or read the HUD-1. Based on the evidence of record, the court finds that the HUD-1 does not demonstrate the plaintiff's personal knowledge to testify that all closing and transactions with regard to the 2012 refinancing took place in Houston County, Alabama.

Finally, the court must address the effect of plaintiff's testimony that his affidavit is based on "personal knowledge." Doc. 16-1 at 1. "[D]istrict courts are 'bound to accept as true' statements in the affidavit or declaration that it is made on personal knowledge, 'unless the context demonstrate[s] otherwise.'" *Murphy-Brown v. Adtran, Inc.*, 2015 WL 4931500, at *2 (N.D. Ala. 2015) (quoting *Martin v. Rumsfeld*, 137 F. App'x. 324, 326 (11th Cir. 2005)). The plaintiff does not offer evidence to demonstrate that he has personal knowledge of the place where defendants accepted payment for services and performed title search and services work, which are relevant facts regarding plaintiff's RESPA claim. *See* Section II.B.1., *infra*. In contrast, the defendants filed affidavit evidence offered by the former registered agent and shareholder of Preferred Title Agency, Inc.,[3] and current managing member of Common Bond Title, LLC. That affiant testifies that he has personal knowledge that the defendants accepted payment and performed work for the 2012 closing in Mountain Brook, Alabama, which is in the Northern District of Alabama. *See* Doc. 8-1 (Affidavit of James P. Harris, III). Thus, the context of the plaintiff's affidavit, standing

---

[3] Defendants assert that Preferred Title Agency, Inc. is a dissolved entity. *See* Doc. 8-1. The court does not and need not make a finding of fact regarding the current status of that defendant.

alone, or in comparison with the other evidence of record, does not demonstrate that he has personal knowledge of all closing activities and transactions.

In short, defendants are correct that the plaintiff's affidavit and the evidence of record do not provide a basis for his personal knowledge to testify about "all" closing related matters and transactions. Thus, Federal Rule of Evidence 602 is not satisfied. The motion to strike is due to be granted, and the court will not consider plaintiff's testimony in Paragraph Three of his affidavit that "[a]ll closing and transactions with both Preferred Title Agency, Inc. and Common Bond Title, LLC associated with [the] property occurred in Houston County." Doc. 16-1 at 1.[4]

## B.   This Cause is Due to be Transferred to the Northern District of Alabama[5]

In support of the motion to transfer venue, defendants argue and supply uncontroverted evidence that their operations, records, and employees are located in Mountain Brook, Alabama, which is in the Northern District of Alabama. *See* Doc. 8-1. Furthermore, the defendants accepted and deposited payment for their services related to the closings in 2010 and 2012 in the Northern District of Alabama. *See id.* The title searches were performed in that judicial district, and all non-party witnesses for the defendants reside in the Northern District of Alabama. *See id.* The mortgagor is located in

---

[4] The parties do not dispute that the plaintiff did not travel to the Northern District of Alabama for purposes of closing on the property in 2010 or 2012. For the reasons discussed below, the fact that the plaintiff signed closing papers in Houston County, Alabama, is immaterial to the question of whether this case should be transferred to the Northern District of Alabama.

[5] The plaintiff offers arguments in opposition to the motion to transfer venue; however, the plaintiff also "defers to the Court regarding this issue." Doc. 16 at 3.

Birmingham, and the mortgagor paid the defendants for services related to the 2012 closing. *See id.*

The plaintiff alleges that the property at issue is located, and that he closed on the 2010 original purchase and the 2012 refinancing, in Dothan, Alabama, which is within the Middle District of Alabama. The defendants do not dispute that the plaintiff signed documents related to the 2010 and 2012 closings in Dothan. Defendants argue that the only connections that this case has with the Middle District of Alabama are the plaintiff's place of residence, the location of the property, and the place where plaintiff signed closing documents, and they contend that those facts are immaterial to plaintiff's RESPA claim and do not outweigh the defendants' reasons for seeking a transfer of venue. Upon consideration, the court concludes that defendants have met their burden to show that the more convenient venue for this lawsuit is the Northern District of Alabama and that transfer to that venue is appropriate.

"The law … provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought ... .'" *Drummond v. Circuit Court of Walker Cty., Ala.*, 2015 WL 5124868, at *1 (M.D. Ala. 2015) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) "is the statutory codification of the common law doctrine of *forum non conveniens*." *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). The decision to transfer a case under § 1404 is within the discretion of the trial court, with the propriety of transfer being decided based on the facts of each individual case. *See Stewart*

*Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991).

"Because federal courts usually accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. ... however, that … deference afforded to a plaintiff's choice of forum is somewhat diminished in a removal case." *McArdle v. Carter*, 2010 WL 2683375, at *2 (M.D. Ala. 2010) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *First Fin. Bank v. CS Assets, LLC*, 2009 WL 1211360, at *6 (S.D. Ala. 2009); *Len Tran, Inc. v. Cal–Sungold, Inc.*, 2008 WL 2025287, at *3 (M.D. Fla. 2008); *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002)).

> A court … has "broad discretion in weighing the conflicting arguments as to venue," *England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988); it must engage in an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). A court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be [easiest, and] most expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. July 13, 1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947)), *cert. denied*, 456 U.S. 918, 102 S. Ct. 1775, 72 L.Ed.2d 178 (1982).

*C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005).

"Resolution of a § 1404(a) motion requires a two-step process. First, the court must determine whether the action could originally have been brought in the proposed transferee district court … then, the court must determine whether the action should be transferred for the convenience of the parties and in the interest of justice." *Id.* (quoting *Folkes v.*

*Haley*, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999) (internal marks omitted). "In determining whether to transfer venue, a district court is not required to confine its venue consideration as to the facts as they existed at the time of the complaint." *Meterlogic, Inc.*, 185 F. Supp. 2d at 1298 (quoting *Cordis Corp. v. Siemens–Pacesetter, Inc.*, 682 F. Supp. 1200, 1201 (S.D. Fla. 1987)). A district court is permitted to consider affidavit testimony and other evidence in ruling on a motion to transfer venue under § 1404. *See, e.g., Del Zotto v. Universal Physician Services, LLC*, 214 F. Supp. 3d 499 (D.S.C. 2016) (considering affidavit testimony when ruling on a motion to transfer venue) (citing *Tingley Systems Inc. v. Bay State HMO Management., Inc.*, 833 F.Supp. 882 (M.D. Fl. 1993) (discussing the weight to be given to affidavits based on "information and belief" as opposed to "personal knowledge" in deciding a motion to transfer venue under § 1404)).

### 1.     Venue is Proper in the Northern District of Alabama

"'Except as otherwise provided by law,' the venue statute found at 28 U.S.C. [§] 1391 governs venue for civil actions in federal district courts." *Henson v. Fid. Nat. Fin., Inc.*, 2014 WL 641978, at *3 (E.D. Cal. Feb. 18, 2014) (quoting 28 U.S.C. § 1391(a)). RESPA contains its own venue provision; thus, § 1391 is inapplicable here. "Venue for a RESPA claim is … proper in two possible districts: (1) The district where the property is located, and (2) The district where the RESPA violation allegedly occurred." *Henson*, 2014 WL 641978, at *3; *see also* 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred[.]"). Because the

11

property is located in Dothan, Alabama, venue is proper in this district. Venue is also appropriate in the Northern District of Alabama if the alleged RESPA violation occurred in that district, and the parties disagree about the propriety of venue in the Northern District of Alabama. For the reasons discussed herein, defendants are correct that, based on the evidence of record, the alleged RESPA violation occurred in the Northern District of Alabama, which causes that district to be a proper venue for this dispute.

Plaintiff alleges that, in violation of RESPA, Common Bond Title, LLC, "charged for title services that were not performed and were not earned." Doc. 1-2 at 9. "Section 8 of RESPA addresses … unearned fees. … Subsection 8(b) attempts to close any loopholes by prohibiting any person from giving or accepting any part of a fee unless services were actually performed." *Sosa v. Chase Manhattan Mortg. Corp.*, 348 F.3d 979, 981 (11th Cir. 2003). Defendants argue that the plaintiff's alleged RESPA violation occurred in the Northern District of Alabama because that is where defendants accepted payment and performed all title search work. *See* Doc. 8 at 3-4; Doc. 8-1. In support of this argument, defendants rely on *Henson* for the proposition that "[t]he location of the RESPA violations … depends on where Defendant was located when the unlawful kickbacks, fees, or portions of unearned fees were accepted. *Id.*, 2014 WL 641978, at *7 (citing 12 U.S.C. § 2614; 12 U.S.C. § 2607).

The plaintiff does not acknowledge the defendants' arguments on this point or cite to authority to call *Henson* into question. The court is persuaded by *Henson* that a defendant's location when it accepted allegedly unlawful fees is the location of the RESPA violation. Here, the defendants have produced uncontroverted evidence that they were

located in the Northern District of Alabama when they accepted payment. Plaintiff argues that the defendants were paid from "the Borrower's Funds at Settlement," and the "Place of Settlement" was Dothan, Alabama. Doc. 16 at 2 (quoting Doc. 3 at 35). However, as discussed *supra*, the plaintiff has not alleged or provided admissible evidence that the defendants *accepted* payment in the Middle District of Alabama, and the acceptance of payment is the material fact for purposes of establishing the location of the plaintiff's alleged RESPA violation. *See Henson*, *supra*.

Thus, because the alleged RESPA violation occurred in the Northern District of Alabama, venue is proper in that district.

### 2.   Balance of Interests of Justice and Convenience of the Parties

> The court must next consider whether the balance of justice and convenience favors transfer. … "an important consideration in deciding appropriate venue is whether a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants." *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1358 (11th Cir. 1990) (quoting *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1988)).

*C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1286-87. The Northern District of Alabama meets the personal jurisdiction requirement, as all defendants reside in that judicial district.

The Eleventh Circuit has enumerated the following factors for a court to consider and weigh to decide whether to transfer venue pursuant to § 1404:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1286-87 (setting out and applying the *Manuel* factors). With the exception of the plaintiff's initial choice of forum – which lies in the Middle District of Alabama – the majority of the *Manuel* factors weigh in favor of transfer to the Northern District of Alabama or are neutral to the issue.

The defendants all reside in the Northern District of Alabama, and the documents, records, and other sources of proof regarding plaintiff's RESPA claim are stored and maintained in that judicial district. The seven witnesses implicated by the complaint and its exhibits, including a number of non-parties, are located in the Southern Division of the Northern District of Alabama, with the exception of the plaintiff. *See* Doc. 8 at 5 (citing Doc. 1-1). Although the plaintiff will be inconvenienced by the transfer of venue, "the convenience of non-party witnesses is important, if not the most important, factor in determining whether a motion for transfer should be granted." *Sehic v. Van Anderson*, 2012 WL 6569073, at *3 (M.D. Ala. 2012), *report and recommendation adopted*, No. 3:12-CV-614-WKW, 2012 WL 6568471 (M.D. Ala. 2012) (citing *Conseal International Inc. v. Econalytic Systems, Inc.*, 2009 WL 1285865 (S.D. Fla. 2009)). Because the defendants, sources of proof, and witnesses are located in and around Birmingham, Alabama, a trial of this matter in that judicial district will be more efficient and less costly than a trial in the Southern Division of the Middle District of Alabama, which is located approximately 200 miles from the federal courthouse in Birmingham.

14

Moreover, the defendants argue that "unwilling" non-party witnesses who reside in and around Birmingham, Alabama, cannot be compelled to appear and testify at a trial in Dothan, but they "can be compelled to testify" in Birmingham. Doc. 8 at 7-8. "Pursuant to the Federal Rules of Civil Procedure, a subpoena may be quashed when it requires 'a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.'" *Sehic*, 2012 WL 6569073, at *6 (quoting Fed. R. Civ. P. 45(c)(3)(B)(iii)). In response to the defendants' argument on this point, the plaintiff acknowledges Rule 45 and states that he "fully understands that some witnesses may have to be deposed." Doc. 16 at 3. The possibility that reluctant non-party witnesses might avoid being compelled to testify at a trial in Dothan weighs in favor of transfer to the Northern District of Alabama, where the non-party witnesses who reside in that district can be required to appear and testify at trial. *See* Fed. R. Civ. P. 45.

There is no argument or evidence before the court regarding the means of the parties; therefore, the court considers this factor to be a neutral point in the analysis. Another neutral factor is that the Northern and Middle Districts of Alabama are equally familiar with the governing federal and state law.

The plaintiff's choice of venue and preference for the Middle District of Alabama has been "afforded considerable deference." *Sehic*, 2012 WL 6569073, at *7 (citing *Hale v. Cub Cadet, LLC*, 2010 WL 4628185, * 4 (M.D. Ala. 2010)). Nevertheless, "courts will not blindly prefer the plaintiff['s] choice of forum over a more convenient location." *Id.* (quoting *Summers–Wood L.P. v. Wolf*, 2008 WL 2229529 (N.D. Fla. 2008)) (brackets in original). For the reasons set out *supra*, venue is proper in the Southern Division of the

Northern District of Alabama, and the "balance of justice and convenience" favors transfer, *see C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1286 – particularly because the plaintiff's arguments in favor of adjudicating this dispute in the Southern Division of the Middle District of Alabama are that he and the subject property are located in Houston County, Alabama, and he closed on the property in Dothan, Alabama. The location of the property and the place where plaintiff signed closing documents are not the only operative facts in this case, particularly with respect to the plaintiff's RESPA claim. The defendants' acceptance of payment and whether or not they performed the work at issue are material, dispositive facts. The plaintiff has not established that he will be substantially prejudiced by a transfer of venue, and this case is in its infancy.

Upon weighing the *Manuel* factors, the court finds that the defendants have demonstrated that transferring this case to the Southern Division of the Northern District of Alabama is appropriate and in the interest of justice.

**III.  Conclusion and Order**

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.  The defendants' motion to transfer venue be **GRANTED**, and this cause be **TRANSFERRED** to the Southern Division of the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). *See* Doc. 8.

2.  Because transfer to the Northern District of Alabama is appropriate, the pending dispositive motions should be resolved by the transferee court. *See Bell*, 2015 WL 5595806, at *16. Thus, the undersigned recommends that the motions to dismiss be held in

abeyance for resolution by the United States District Court for the Northern District of Alabama. *See* Doc. 4; Doc. 6. In addition, it is

**ORDERED** that the defendants' motion to strike, *see* Doc. 18, is **GRANTED**.

It is further

**ORDERED** that **on or before March 9, 2018**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 22nd day of February, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

17