IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES SNELLGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CV-500-WKW |
| | ) | [WO] |
| COMMON BOND TITLE, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is an Order and Recommendation of the Magistrate Judge recommending that the case be transferred to the U.S. District Court for the Northern District of Alabama. (Doc. # 24.) The Magistrate Judge has summarized well the pending motions, facts, and procedural posture of the case, and that summary is incorporated by reference. The Recommendation addresses only the motion for change of venue (Doc. # 8) filed by Defendants Common Bond Title, LLC, and Preferred Title Agents, Inc., although the Magistrate Judge granted Defendants' motion to strike the third paragraph of Plaintiff James Snellgrove's declaration (Doc. # 18) in the same filing as the Recommendation (the "Order" in "Order and Recommendation of the Magistrate Judge"). Because the Magistrate Judge found that the case should be transferred to another district, the two motions to dismiss were not addressed in the Recommendation. That was proper in view of the ultimate

recommendation, and this opinion addresses only the motions addressed in the Recommendation.

In recommending a transfer of venue, the Magistrate Judge reasoned that jurisdiction of the federal cause of action lies, arguably, in both the Middle and Northern Districts of Alabama, and the convenience of the parties and witnesses counsels transfer from the former to the latter. Although there is no objection to the Recommendation — Plaintiff "respectfully defers to the Court regarding this issue" (Doc. # 16, at 3) — it is due to be rejected for the reasons following.

## I. JURISDICTION AND VENUE

This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and § 1367. The parties do not contest personal jurisdiction. Venue is discussed below.

## II. BACKGROUND

Each Defendant contractually undertook to examine title and provide title insurance and other real estate closing services for Plaintiff and his lender on real estate in Dothan, Houston County (which is in the Middle District of Alabama), 200 miles from the Defendants' offices in Mountain Brook, Jefferson County (which is in the Northern District of Alabama). Preferred Title Agency, Inc., did so in 2010 when Plaintiff bought the real estate. Common Bond Title, LLC — a successor

entity to Preferred Title Agency, Inc. — did so in 2012 when Plaintiff refinanced the real estate.

After the first closing for the purchase of the subject property by Plaintiff, performed entirely in Houston County, a defendant inexplicably failed to file the deed transferring the property to Plaintiff, and the mortgage he just signed to pay for it, for eighteen days from the date of closing, that is, from February 26, 2010, until March 16, 2010.  During that eighteen days, on March 8, a judgment against the seller of the property was recorded by Compass Bank for $84,072.85 in the Houston County Courthouse.  This lien took priority over Plaintiff's deed and mortgage, which had not yet been recorded.  No defendant discovered this judgment or disclosed it to Plaintiff or his mortgagee before the refinance closing in 2012.  Plaintiff did not discover the judgment until 2016.  It was a valid prior lien on Plaintiff's property.

### III.  DISCUSSION

Defendants wish now to compel Plaintiff, his lawyers, and the Houston County witnesses to litigate the dispute in the Northern District of Alabama in Jefferson County.  Having twice found it convenient to conduct a closing 200 miles away in Houston County, Defendants all of a sudden (by modern litigation time frames) find Houston County and the Middle District of Alabama to be inconvenient to resolve a contractual and other disputes over title to real estate located in Houston

3

County and a closing in Houston County involving Houston County title records and witnesses. It is a brassy move, one that Defendants should have a really compelling reason to make. They do not. Their Motion to Transfer Venue (Doc. # 8) is therefore due to be denied.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district in which it might have been brought "[f]or the convenience of the parties and witnesses," and "in the interest of justice." *Id.* Because federal courts usually accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Some lower courts have found, however, that the deference afforded to a plaintiff's choice of forum is somewhat diminished in a removal case. *See, e.g.*, *First Fin. Bank v. CS Assets, LLC*, No. 08–0731-WS-M, 2009 WL 1211360, at *6 (S.D. Ala. May 4, 2009). But "[a] [plaintiff's geographic] choice does not lose all relevance solely because [plaintiff] initially brought the case in state court and [defendant] chose to remove it to the federal court encompassing that county." *Id.* (second, third, and fourth alterations in original) (quoting *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999)).

Ultimately, a district court has "broad discretion in weighing the conflicting arguments as to venue," *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520

4

(11th Cir. 1988), and must engage in an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Section 1404(a) mandates a two-step analysis. First, the court must determine whether the case originally could have been brought in the proposed transferee district. § 1404(a); *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005). Second, the court must analyze whether, "[f]or the convenience of the parties and witnesses" and "in the interest of justice," the action should be transferred. § 1404(a); *Corral of Middle Ga.*, 396 F. Supp. 2d at 1286.

A. **Where This Action Could Have Been Brought**

Plaintiff's Complaint (Doc. # 1-2) includes eight state law counts and one federal count under the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. §§ 2601–2617. The venue for most or all of the state law counts appears to be Houston County and, thus, the Middle District of Alabama. The case was removed from the Houston County Circuit Court to federal court because of the RESPA count. (Doc. # 1.) As noted by the Magistrate Judge, venue of the RESPA count is proper either (1) in the district where the property is located, or (2) in the district where the alleged RESPA violation occurred. 12 U.S.C. § 2614. Either venue is proper. The property at issue in this case is in Houston County. Thus, the Middle District of Alabama is a proper venue.

5

The court will assume that the Northern District of Alabama is also a proper venue because Defendants argue that the alleged RESPA violations occurred in Jefferson County, although Defendants' arguments are suspect under all the circumstances of a real estate closing. For instance, Defendants rely on the fact that they cashed the check for the title search in Jefferson County. But the check was written and physically delivered by Plaintiff in Houston County, and Defendants could have cashed the check in San Francisco or Bangor or Tucson. They also assert that the title search was "performed" in Jefferson County, but that ignores the fact that all of the documents being searched — every single one — are recorded in Houston County. Defendants were either looking at computer records, or a paper transcript, or both, when performing the "search." They were in Mountain Brook. They could have been in India. But that does not make India or Mountain Brook a compelling venue in the circumstances of a routine real estate closing in Houston County.

### B. The Interests of Justice and Convenience of the Parties

During the second step of the § 1404(a) analysis,

> courts "generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency."

6

*Corral of Middle Ga.*, 396 F. Supp. 2d at 1286–87 (quoting *Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003)).  Courts also consider "the relative means of the parties" and "a forum's familiarity with the governing law."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Convenience of the parties and of witnesses to the state law causes of action was not considered in the Recommendation's analysis of inconvenience; only RESPA issues and witnesses appear to have been addressed.  No doubt a plethora of real estate closing attorneys in the Dothan market, and Houston County recording clerks, will be paraded (by both sides) before the jury on the state law issues of negligence,[1] fraud, real estate contracts and closing practices, local title search practices, recording practices, and many other relevant issues.  It is disingenuous for Defendants to complain that their staff and witnesses will have to travel 200 miles for court; it was not a problem for closing when the money was flowing the other way.

As for the argument that it will be difficult to compel attendance of Mountain Brook witnesses in Dothan, the reverse is also true.  Highways run both ways, and

---

[1] As is customary in state cases, Plaintiff lists fictitious defendants as parties defendant. That is not the practice in federal court, and the caption will be ignored to that extent.  Count VII ascribes negligence to the person or entity who or which recorded the 2010 deed eighteen days after the closing, but does not identify that person or entity.

7

compulsion of Dothan witnesses to appear in Birmingham is equally problematic. Consideration of the convenience of witness thus favors neither party. Moreover, if the RESPA claim were dismissed and the district court declined to exercise supplemental jurisdiction, the case would in all likelihood be remanded and transferred to the Houston County Circuit Court, the forum Plaintiff chose in the first place.

Nor does the balance of interests favor transfer, especially when considering the eight state law claims. Plaintiff's preference for the Houston County forum must be accorded considerable deference. Also weighing in favor of a venue in the Middle District of Alabama, which is a proper venue under RESPA, are: (1) Plaintiff's initial choice of forum was Houston County, a choice that should get the weight it properly deserves; (2) the relevant documents are in Houston County, making it relatively easier to access sources of proof if venue is in the Middle District than it would be if venue is in the Northern District; (3) the operative facts and witnesses were and are in Houston County; and (4) trial efficiency and the interests of justice, based on the totality of these specific circumstances. Convenience of the witnesses and parties likely favors the Middle District and Houston County, but is at worst neutral. The ability to compel appearance of unwilling witnesses is neutral, as is the forum's familiarity with the law. The relative means of the parties is unknown.

In short, no factor favors a venue in Jefferson County other than the RESPA venue provision, if Defendants' explication of the facts is credited. Defendants' motion is due to be denied.

## IV. CONCLUSION

Venue is proper in the Middle District and will remain here. Accordingly, it is ORDERED that the Recommendation (Doc. # 24) is REJECTED and that Defendants' Motion to Transfer Venue (Doc. # 8) is DENIED. The case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 29th day of March, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE