IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES SNELLGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.1:17-cv-500-WKW-SRW |
| ) | |
| COMMON BOND TITLE, LLC, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

**I.   Introduction**

Plaintiff filed a complaint in state court on June 21, 2017 (Doc. 1-2) against the Defendant, Common Bond Title, LLC, successor in interest to Defendant Preferred Title Agency, Inc., alleging that "Common Bond Title, LLC. charged for services that included title and abstract searches that were (a) not performed at all or (b) negligently and/or wantonly performed or (c) performed[,] but the findings[] were not reported to Mr. Snellgrove." (Doc. 1-2 at ¶ 16).[1] In the state court complaint, Plaintiff brings claims for breach of contract (count 1), breach of contract-third party beneficiary (count 2), negligence/wantonness and/or willfulness (count 3), fraud (count 4), fraud suppression (count 5), breach of contract (count 6), negligence (count 7), unjust enrichment (count 8), and violation of the Real Estate Settlement Procedures Act ("RESPA") (count 9) (Doc. 1-2 at ¶¶ 32-74).[2]

---

[1] This allegation is repeated verbatim in Plaintiff's amended complaint filed pursuant to the order of this Court. (Doc. 34 at ¶ 62).

[2] The same claims are re-plead more extensively in the amended complaint (Doc. 42 at ¶¶ 83-171).

1

The action was subsequently removed to this court (Doc. 1), and motions to dismiss and briefs were filed. (Docs. 4, 6, 5, 7, 15, 20 and 21).[3] There was no motion to remand. A motion to transfer venue was filed and briefed (Docs. 8, 16, and 17), and ultimately denied by the court. (Doc. 28). Thereafter, the court ordered plaintiff to file an amended complaint and denied as moot the motions to dismiss, Docs. 4 and 6. (Doc. 33). In response, Plaintiff filed an amended complaint. (Doc. 34). Defendants again filed motions to dismiss (Docs. 35, 37), and briefs in support (Docs. 36, 38, 39, and 41). On March 15, 2019, this court entered an order as follows:

> Pending before the Court are Defendants' Motions to Dismiss (Docs. 35 and 37), the Plaintiff's consolidated response thereto (Doc. 39) and Defendants' consolidated reply. (Doc. 41). In their motions to dismiss, Defendants spend more than 30 pages arguing their bases for dismissal of the pendant state law claims, but do not directly address whether the RESPA claim is due to be dismissed. Rather, Defendants' only basis for dismissal of the RESPA claim hinges upon their contention that this court should dismiss the entire amended complaint as a "shotgun" pleading. **As Plaintiff's RESPA claim is the lynchpin for federal jurisdiction in this action, and the Court must assure itself that it has jurisdiction in this case, the parties will be asked to file additional briefs on the sole issue of whether Plaintiff states a cause of action under RESPA by alleging that Defendants charged for "title services that were not performed and were not earned" based on the allegations in Plaintiff's amended complaint. (Doc. 34 at p. 8, 19).**

(Doc. 42) (emphasis added). The court ordered Defendants to file a brief addressing this narrow issue and asked the Plaintiff to file a responsive brief. *Id*.

The parties filed the required briefs. (Docs. 43 and 44). Defendants contend in their brief that the court has jurisdiction over Plaintiff's RESPA claim, and assert that the RESPA claim "is not vulnerable to a motion to dismiss[.]" (Doc. 43 at 1-3). In turn, Plaintiff asks the court, on that basis, to allow the RESPA claim to proceed past the motion to dismiss stage. (Doc. 43 at 1, Doc.

---

[3] Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a recommendation as may be appropriate. (Doc. 14).

2

44 at 1-2.) However, as the Court noted in its order, the RESPA claim is the federal claim on which jurisdiction in this action depends. Thus, this court must examine the allegations of the amended complaint to ensure that Plaintiff has stated a RESPA claim over which this Court has federal question jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, (2006) ("courts … have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *see also id.* at 1240 ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

For the reasons that follow, the court concludes that plaintiff's amended complaint fails to state a RESPA claim, that the court therefore lacks subject matter jurisdiction, and that the state law claims – over which this Court may decline to exercise supplemental jurisdiction – are due to be remanded to state court. *See Yazdanpanah v. Sacramento Valley Mortg. Group*, 2010 WL 890952, at *1 (N.D. Cal. 2010) ("When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. *See* 28 U.S.C. § 1367(c)(3).").

**II.     Standard of Review**

While defendants filed motions to dismiss in this case, they did not do so on the ground that plaintiff fails to state a federal claim. Instead, the court has raised and considered this question *sua sponte*. The court is empowered to dismiss a claim *sua sponte*, but only under certain limited circumstances. *Sua sponte* dismissal is inappropriate in this Circuit when: "(1) the defendant ha[s] not filed an answer and, thus, the plaintiff still ha[s] a right under Fed.R.Civ.P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; and (3) the district court ha[s] provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond." *Danow v. Borack*, 197 Fed.Appx. 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006)(citations omitted).

In the instant case, the time for amendment as of right under Fed. R. Civ. P. 12(a) has expired, *see* Fed. R. Civ. P. 12(a)(1)(B), and Plaintiff also has had, and taken advantage of, the opportunity to amend. Further, after indicating that it "must assure itself that it has jurisdiction in this case," the court asked the parties to brief the issue "of whether Plaintiff states a cause of action under RESPA by alleging that Defendants charged for 'title services that were not performed and were not earned' based on the allegations in Plaintiff's amended complaint." (Doc. 34 at p. 8, 19). Thus, the court has provided the parties with notice of its intent to consider the jurisdictional issue and an opportunity to respond. *See Levitan v. Patti*, 2011 WL 1299947, at *4 (N.D. Fla. 2011)("The court may satisfy the notice requirement … without issuing a traditional order to show cause when the plaintiff has already been heard on the issues or has had an opportunity to respond.")(citation omitted). Finally, while the court does not conclude that this action was vexatious, or brought or removed in bad faith,[4] it does find, for the reasons set out below, that the

---

[4] Although the court stops short of recommending a finding of bad faith or vexatiousness, it does find troubling the fact that no motion to remand was ever filed by the Plaintiff, whom the Court must assume was keenly aware of the allegations of his complaint and should have had knowledge

4

federal claim is frivolous – that is, it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)("a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

"When [as here, *sua sponte*] review is appropriate, the court applies the same standard as if ruling on a motion to dismiss: the plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him." *Levitan v. Patti*, 2011 WL 1299947, at *5 (N.D. Fla. 2011) (citing *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009)).

> The plaintiff's complaint must state a claim upon which relief can be granted, and it should be dismissed if a dispositive legal issue precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *see* Fed.R.Civ.P. 8(a), 12(b)(6). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.,* 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). Furthermore, vague and conclusory allegations and "threadbare recitals" of the elements of a cause of action are insufficient to satisfy Fed.R.Civ.P. 8. *Ashcroft v. Iqbal,* 556 U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In sum, while only a short and plain statement is required, it must have more than bare assertions that "the-defendant-unlawfullyharmed-me." *Id.* (citing *Twombly,* 550 U.S. at 555); *see also* Fed.R.Civ.P. 8(a).

*Levitan,* 2011 WL 1299947 at *5.

### III. Facts

In his amended complaint, Plaintiff names two defendants – Common Bond Title, LLC and Preferred Title Agency – and alleges that Common Bond is a "continuation" of Preferred Title (Doc. 34 at ¶12). He avers that he purchased property from the seller and closed on the property

---

as to what constitutes a "portion, split or percentage of any charge" under RESPA. Even more troubling is the fact that, when asked specifically by the Court to address the jurisdictional question, *see* Doc. 43, Defendants explicitly disavowed any basis for dismissal of the RESPA claim by this Court.

on February 26, 2010, with Preferred Title as the settlement agent. (Doc. 34 at ¶19). Plaintiff maintains that, after the closing, Preferred Title took possession of the executed deed and the funds to have the deed recorded, but delayed recording the deed and a mortgage given on the property until March 16, 2010. (Doc. 34 at ¶¶22, 23, 25, 29). Preferred Title also issued Plaintiff a "Policy of Title Insurance from Stewart Title Guaranty Company. (Doc. 34 at ¶30). On March 8, 2010, between the closing and the recording, BBVA Compass recorded a judgment against the seller of the property. Plaintiff alleges that, as a result, his "title was clouded because of the action or inaction of Preferred Title, acting as settlement agent, in recording the deed to the Property within a reasonable time." (Doc. 34 at ¶34).

Plaintiff alleges that he refinanced the property in July, 2012, with Common Bond acting as title agent and settlement agent. (*Id*. at ¶¶39, 46). He says that he paid settlement charges (*id*. at ¶¶36, 41, 42) and that Common Bond "received the title services required for title insurance, including search or examination of the title, abstract of title, and opinion of title." (*Id*. at ¶45).[5] The attorney disclosure signed during the 2012 refinance advised Plaintiff that the attorney did "not represent the purchasers or sellers, but represented Common Bond Title LLC and/or the lender." (*Id*. at ¶44). Plaintiff further alleges that because Common Bond failed to disclose the title defects as settlement agent for the 2012 refinance, he attempted to "refinance[] his loan believing, wrongly, that he owned his home with no title defects other than the refinanced loan." (*Id*. at ¶¶61). Plaintiff maintains that the cloud on the title was discovered by a third party (*id*. at ¶66), and, as a result, he was unable to refinance the property with MidSouth Bank at the offered interest rate of

---

[5] The amended complaint is not clear on this point. From this paragraph, and those immediately preceding it, it appears that Plaintiff may be alleging that, while Common Bond "operated as the title agent and settlement agent for the 2012 refinance" (Doc. 34 at ¶46), it "received the title services" from the attorney who "prepare[d]" the documents and "represent[ed] Common Bond, LLC and/or the lender." (Doc. 34 at ¶45). However, since the amended complaint does not specifically say this, it is also plausible that Plaintiff meant to use the word "performed" instead of "received." *Id.*

6

3.625%. (*Id.* at ¶¶ 65-71). Following release of the lien on the property, the interest rate available to Plaintiff was 4.625%. (*Id.* at ¶ 73). Plaintiff claims damages as result of losing the lower interest rate. (*Id.* at ¶¶74-79).

On the basis of Preferred Title's alleged delay in recording the deed and Common Bond's acts or omissions during the title search – that is, its alleged failure during the refinancing to perform any title search at all, or its negligence and/or wantonness in performing the search and failing to discover the defect or failure to relay the findings to him – Plaintiff brings a RESPA claim. Specifically, Plaintiff alleges that "Common Bond charged for title services that were not performed and were not earned" under RESPA (*id.* at ¶ 170) because "Common Bond charged for services that included title and abstract searches that were (a) not performed at all or (b) negligently and/or wantonly performed or (c) performed but the findings were not reported" to him. (Doc. 34 at ¶62).

## IV.   Analysis

Thus, the question before the court is whether Plaintiff's amended complaint states a claim under RESPA for settlement services[6] that were not performed and were not earned, based upon Plaintiff's allegations regarding the dilatory recording of the deed and, thereafter, the negligent or nonexistent title search. *See Wesolowski v. Title Source, Inc.,* 608 F. App'x. 724 (11th Cir. 2015). In spite of the court-ordered opportunity to amend, Plaintiff's amended complaint fails to identify the specific RESPA section under which he seeks to recover. (Doc. 34 at ¶¶169, 170, 171). The

---

[6] RESPA defines "settlement services" as "any service provided in connection with a real estate settlement" including, but not limited to "title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans) and the handling of the processing, and closing or settlement." 12 U.S.C. §2602.

7

sole factual allegation in the RESPA count (Count 9) added by Plaintiff to the general factual allegations of the amended complaint, is, as noted above, that "Defendant, Common Bond, charged for title services that were not performed and were not earned." (Doc. 34 at 19). Absent further explanation, the court must infer that Plaintiff desires to proceed under 12 U.S.C. § 2607(b). That section provides as follows:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan *other than for services actually performed.*

12 U.S.C. § 2607(b)(emphasis added).

The United States Supreme Court has held that, in order to establish a violation of 12 U.S.C. § 2607(b), "a plaintiff must demonstrate that a charge for settlement services was divided between two or more persons." *Freeman v. Quicken Loans, Inc.,* 566 U.S. 624, 638 (2012). In addition, the Eleventh Circuit has determined that Plaintiff must allege that Defendants "provided no actual services related to the closing of the loan." *Clements v. LSI Title Agency, Inc.,* 779 F.3d 1269, 1272 (11th Cir. 2015) (citing 12 U.S.C. 2607(b)).[7] In *Clements*, the Plaintiff contended that Defendants,

---

[7] The Northern District of Georgia has further explained the holdings of *Freeman* and *Clements* in this way:

> The Supreme Court in *Freeman v. Quicken Loans, Inc.*, 132 S. Ct. 2034 (2012) recently addressed what it means for fees to be split. There, the Court held that in order to establish a violation of RESPA section 8(b), a plaintiff must demonstrate that a charge for settlement services was divided between two or more persons. *Freeman v. Quicken Loans, Inc.*, 132 S. Ct. 2034, 2044 (2012). In that case, the question before the Court was whether Section 2607(b) prohibits the collection of an unearned charge by a single settlement-service provider or whether the statute covers only transactions in which a provider shares a part of a settlement service charge with one or more other persons who did nothing to earn that part. *Freeman*, 132 S. Ct. at 2039. The Supreme Court held that "Section 2607(b) unambiguously covers only a settlement-service provider's splitting of a fee with one or more other persons." *Freeman*, 132 S.Ct. at 2040. In reaching this conclusion, the Supreme Court identified two distinct exchanges that are necessary for a split to occur under Section 2607(b). The first is that a "charge" is "made" to or "received" from a consumer by a settlement-service provider, then second exchange is that "provider then 'gives' and another person 'accepts' a 'portion, split, or percentage' of the charge." *Freeman*, 132 S.

8

a mortgage service provider, and the attorney it hired to witness the mortgage closing, violated RESPA when they split the $300 settlement fee because they provided only "nominal" services since the mortgage service provider provided services which under Georgia law only licensed attorneys can provide. *Id.* at 1274. The Eleventh Circuit granted the motion to dismiss on this claim and held that, "[a]lthough the settlement fee 'was arguably unearned as a matter of [Georgia] law, as a factual matter it was not in exchange for nothing.'" *Id.* (citing *Hazewood v. Found. Fin. Grp., LLC*, 551 F. 3d 1223, 1226 (11th Cir. 2008)).

The court has carefully reviewed the allegations in the amended complaint, and it concludes that the complaint contains no allegation whatsoever that Defendants split charges as prohibited by 12 U.S.C. § 2607(b). Rather, in the instant action, Plaintiff maintains that, following the closing of the sale of the property, Preferred Title recorded the deed, albeit belatedly; it was paid for this service; and it issued a policy of insurance. (Doc. 34 at ¶¶22, 23, 25, 29, 30). Plaintiff also specifically alleges that, for the 2012 refinancing, he paid settlement costs for the "title insurance, including search or examination of the title, abstract of title, and opinion of title." (Doc. 34 at ¶¶41, 42, 45). He also alleges that he paid the settlement costs for services provided by Common Bond or the attorney representing Common Bond. (Doc. 34 at ¶¶ 41, 42, 43, 44, 45). The

---

Ct. at 2040. Thus, by inclusion of the phrase "portion, split, or percentage," it is clear that Section 2607(b) was not intended to cover a situation in which a settlement service provider retains the entirety of a fee received by a consumer. *Freeman*, 132 S. Ct. at 2041. Section 2607(b)'s fee-splitting provision cannot be understood to prohibit unreasonably high fees or a single provider's retention of an unearned fee. Freeman, 132 S. Ct. at 2041, 2044; *see also Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1225-26 (11th Cir. 2008) (a plaintiff must allege "no services were rendered in exchange for a settlement fee," and where the fee is for services actually rendered, there is no § 2607(b) violation). Therefore, in order to plead a violation of the Act, a plaintiff must allege that a settlement service provider gave a third party a portion of the settlement fee, but no services were rendered by a third party in exchange for a portion of the fee. *Clements v. LSI Title Agency, Inc.*, 779 F.3d 1269, 1274 (11th Cir. 2015).

*Loughlin v. Amerisave Mortgage Corp.*, 2015 WL 13709947, at *6 (N.D. Ga. 2015).

9

attorney, however, is not named as a party in this lawsuit, nor does Plaintiff allege any wrongdoing based upon any splitting of charges between Common Bond and its attorney.

Rather, the theory of Plaintiff's RESPA claim hinges upon his allegation that he paid for a defective title search which was "(a) not performed at all or (b) negligently and/or wantonly performed or (c) performed but the findings were not reported to Plaintiff." (Doc. 34 at ¶ 62). This allegation, and the remainder of the amended complaint, address only the requirement of 12 U.S.C.§ 2607(b) that the services be "actually performed," and not the portion of 12 U.S.C. § 2607(b) addressing the illegal acceptance of "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service." Accordingly, the court concludes that Plaintiff fails to state a claim under this section. *See Freeman* and *Clements*, *supra*; *see also Cornelius v. U.S. Bank Nat. Ass'n*, 452 Fed.Appx. 863, 865–66, 2011 WL 5965306, at *2 (11th Cir. 2011)(Dismissing a complaint that did not indicate what portion of RESPA plaintiffs' claim violated, or what factual allegations they contended would constitute a violation, for failure to allege facts showing a substantial federal question.).

The court notes that Defendants could not be unaware, in responding to the court's request for briefing, of the necessity for Plaintiff to allege fee splitting or kickbacks to state a claim under this RESPA section. When asked to address the court's jurisdiction premised on the RESPA claim, Defendants cited to two cases, and both contain allegations of illegal kickbacks or splitting of fees. (Doc. 43 at ¶4). *See Carter v. Welles-Bowen Realty, Inc.*, 553 F. 3d 979, 982-83 (6th Cir. 2009) (Plaintiffs alleged that Defendant "violat[ed] RESPA's anti-kickback and anti-fee-splitting provisions because … [Defendant] is allegedly a sham title company which does not perform any settlement work but still receives unearned revenues."); *Gardner v. First Am. Title Ins. Co.,* 294 F. 3d 991, 994 (8th Cir. 2002) (Plaintiffs alleged that "defendants violated RESPA by having sham

10

limited partnerships pay fees to real estate agents for referring title insurance business to the partnerships, which in turn passed the business on to the defendant title insurers.").

As indicated above, because the amended complaint in the instant action is wholly devoid of any factual allegations concerning fee-splitting, the Court concludes that Plaintiff fails to state a claim under 12 U.S.C. 2607(b). Defendants have the burden of proving – not merely asserting – removal jurisdiction, and they have failed to do so. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013)("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal. *See Lowery* [*v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007)](CAFA did not alter the "longstanding, near-canonical rule" that the burden of proving jurisdictional requirements rests with the removing defendant (internal quotation marks omitted)).").

Because Plaintiff fails to state a claim under RESPA, which is the lynchpin for this Court's federal question jurisdiction, the Court concludes that this matter is due to be remanded to state court. *See Scimone*, 720 F.3d at 882 ("when we evaluate whether the particular factual circumstances of a case give rise to removal jurisdiction, we 'strictly construe[] the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'")(citation omitted); *see also University of South Alabama,* 168 F.3d at 411 ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. ... Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court… . A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a

11

state court of its right under the Constitution to resolve controversies in its own courts.") (citations omitted).

## V.   Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's RESPA claim be dismissed for lack of subject matter jurisdiction. It is the further RECOMMENDATION of the Magistrate Judge that this Court decline to exercise subject matter jurisdiction over the remaining state claims, *see* 28 U.S.C. §1367; that the motions to dismiss (Docs. 35, 37) filed in this court be denied as moot; and that this matter be remanded to state court.

It is ORDERED that the parties may file any objections to this Recommendation on or before **August 14, 2019.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, on this the 31st day of July, 2019.

/s/ Susan Russ Walker
Susan Russ Walker

United States Magistrate Judge

13