IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES SNELLGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CV-500-WKW |
| | ) | [WO] |
| COMMON BOND TITLE, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this removed action, after providing Plaintiff with notice, the Magistrate Judge filed a Recommendation (Doc. # 45) that the court, on its own motion, dismiss Plaintiff's sole federal-law claim for lack of subject-matter jurisdiction, decline to exercise supplemental jurisdiction over the state-law claims, and remand the state-law claims to state court. Plaintiff timely objected to the Recommendation (Doc. # 46), to which Defendants filed a consolidated response (Doc. # 50). Upon a *de novo* review of the record, *see* 28 U.S.C. § 636, the objections to the Recommendation are due to be overruled. The Recommendation is due to adopted, but on different grounds. The Recommendation treats the issue of whether Plaintiff pleads an element of his federal-law claim, *see* Fed. R. Civ. P. 12(b)(6), as an issue impacting the court's subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1). For the reasons that follow, Plaintiff's claim brought under the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, is due to be dismissed without prejudice for failure to state a claim, and supplemental jurisdiction over the state-law claims will be declined.[1]

## I. DISCUSSION

**A.** <u>**The court has subject-matter jurisdiction over the RESPA claim.**</u>

In *Bell v. Hood*, 327 U.S. 678 (1946), the Supreme Court distinguished pleading defects that are jurisdictional and those that fail to state a claim:

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioner could actually recover. For it is well settled that the failure to state a proper cause of action on which relief can be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

---

[1] Although briefing was ordered on subject-matter jurisdiction, it appears that the Recommendation actually intended only to decide that Plaintiff failed to state a claim. The Recommendation's core analysis applies Rule 12(b)(6)'s standard of review (Doc. # 45, at 4–5), frames the issue as whether Plaintiff "states a claim under RESPA" (Doc. # 45, at 7), and finds that, because the amended complaint "is wholly devoid of any factual allegations concerning fee-splitting, . . . Plaintiff fails to state a claim" under § 2607(b) (Doc. # 45, at 11). Additionally, dismissal under Rule 12(b)(6) is consistent with the declination of supplemental jurisdiction. If subject-matter jurisdiction does not exist, there is no original jurisdiction to which supplemental jurisdiction can attach and, thus, no supplemental jurisdiction for a court to decline. But, where the federal-law claim is dismissed for failure to state a claim under Rule 12(b)(6), "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006); *see also id.* at 511 ("On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief — a merits-related determination.") (citation and internal quotation marks omitted).

2

*Id.* at 776; *see also Marine Coatings of Ala., Inc. v. United States*, 792 F.2d 1565, 1567 (11th Cir. 1986) ("According to *Bell*, if a complaint seeks relief under the Constitution or laws of the United States, dismissal generally must be for failure to state a claim, not for want of jurisdiction.") (citing *Bell*, 327 U.S. at 681–83).

The Supreme Court has, however, recognized two exceptions to the foregoing general rule. In *Bell*, the Supreme Court explained: "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83. The Court has continued to adhere to *Bell*'s principles. *See Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.").

In removed actions, federal courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(a). Subject-matter jurisdiction "must be judged at the time of the removal." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citation and internal quotation marks omitted). "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint

rule." *Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). Under the well-pleaded complaint rule, "[a] case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). Removal "based on federal question jurisdiction" is proper "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citation and internal quotation marks omitted).

The original Complaint — the operative one for examining subject-matter jurisdiction at the time of removal — alleges that Defendant Common Bond "charged for title services that were not performed and were not earned" in violation of RESPA. (Doc. # 1-2, at ¶ 73.) The Complaint tethers these allegations to RESPA and inferentially to RESPA's anti-kickback provision. *See* 12 U.S.C. § 2607(b) ("No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."). Additionally, the Complaint seeks treble damages, which are expressly authorized under RESPA. *See* § 2607(d)(2) (permitting awards of treble damages under RESPA). The Complaint's express reliance on RESPA and its remedies, in combination with the nature of the

allegations, demonstrates that the complaint pleads a cause of action that is "based on federal law." *Blab T.V. of Mobile, Inc.*, 182 F.3d at 854; *see also Marine Coatings*, 792 F.2d at 1567 ("According to *Bell*, if a complaint seeks relief under the Constitution or laws of the United States, dismissal generally must be for failure to state a claim, not for want of jurisdiction.") (citing *Bell*, 327 U.S. at 681–83). Plaintiff's RESPA claim "arises under the . . . laws . . . of the United States." § 1331.

*Bell*'s exceptions are inapplicable. First, Plaintiff brought his action in state court, only to have it removed to federal court, so clearly he did not bring a RESPA claim "solely for the purpose of obtaining jurisdiction" in this court. *Bell*, 327 U.S. at 682. Second, as the Recommendation correctly concludes, Plaintiff fails to plausibly allege one of the elements of his RESPA claim. This conclusion rests on Rule 12(b)(6), not Rule 12(b)(1). Neither the Recommendation nor the parties have cited a decision that would support a finding that the RESPA claim is so frivolous as to deprive the court of subject-matter jurisdiction. *See Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 336 (7th Cir. 2015) ("Failure to state a claim does not deprive a court of subject-matter jurisdiction unless the claim is 'wholly insubstantial and frivolous,' which is a much more stringent standard that is rarely satisfied."). In fact, the parties insist that there is subject-matter jurisdiction over the RESPA claim. (Docs. # 43, 44.)

Because the Complaint sufficiently invokes RESPA and its remedies, subject-matter jurisdiction is proper.

B.  **The Amended Complaint fails to state a RESPA claim.**

Because subject-matter jurisdiction exists, the issue turns to whether the Amended Complaint's "allegations entitle [Plaintiff] to relief" under RESPA.[2] *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013). The Recommendation succinctly sets out the standard of review for evaluating whether Plaintiff's RESPA cause of action states a claim for relief. (Doc. # 45, at 5 (first full paragraph).) As explained below, the Recommendation also correctly concludes that Plaintiff's RESPA cause of action fails to state a claim.

Section 2607(b) of RESPA — the anti-kickback provision of RESPA titled, "Splitting charges," provides as follows: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." § 2607(b). The U.S. Supreme Court has explained that § 2607(b) contemplates "two distinct exchanges": (1) "a 'charge' is 'made' to or 'received' from a consumer by a settlement-service provider"; and (2) "[t]hat provider then

---

[2] The Magistrate Judge permitted Plaintiff an opportunity to amend his Complaint.

'give[s],' and another person 'accept[s],' a 'portion, split, or percentage' of the charge." *Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 631 (2012) (holding that that "[t]he phrase 'portion, split, or percentage'" in § 2607(b) "does not cover a situation in which a settlement-service provider retains the entirety of a fee received from a consumer").

The Amended Complaint does not plausibly allege a claim under § 2607(b) against Defendant Common Bond.[3]  First, as aptly noted in the Recommendation (Doc. # 45, at 7), Plaintiff does not allege which provision of RESPA he contends Defendant violated.  *See Arroyo v. PHH Mortg. Corp.*, No. 13 Civ. 2335 (JS), 2014 WL 2048384, at *13 (E.D.N.Y. May 19, 2014) ("There are three private causes of action under RESPA — actions pursuant to Sections 2605, 2607, and 2608."); *Ngwa v. Castle Point Mortg., Inc.*, No. 08 Civ. 0859 (AJP), 2008 WL 3891263, at *13 (S.D.N.Y. Aug. 20, 2008) (dismissing the plaintiff's RESPA claim under Rule 12(b)(6) because the plaintiff failed to identify which RESPA provision the defendant violated and failed to plead facts establishing a violation of RESPA). Hence, the Magistrate Judge had to "infer that Plaintiff desires to proceed under 12 U.S.C. § 2607(b)."  (Doc. # 45, at 8.)

Second, as the Recommendation thoroughly explains, the Amended Complaint "is wholly devoid of any factual allegation concerning fee-splitting."

---

[3] Common Bond is the only defendant named in this count.

(Doc. # 45, at 11.) Plaintiff's barebones RESPA claim only alleges that Defendant Common Bond charged for "title services that were not performed and were not earned." (Doc. # 34, at 8.) That is only part of what § 2607(b) requires. *See Freeman*, 566 U.S. at 631; *see generally Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) (holding that the RESPA claim failed to a state a claim for relief because the plaintiff "did not provide any details to explain how [the defendant] violated the Act nor provide any factual allegations in support of her claim").

Plaintiff makes several objections to the Recommendation's recommended dismissal of his RESPA claim. None has merit.

First, Plaintiff admits that allegations of fee splitting are "not explicitly stated" in his RESPA claim. (Doc. # 46, at 3.) But he makes an argument that, because he has alleged that he was charged fees for title services that were not performed, "it is reasonable to presume another person was to perform those services . . . [and was] paid for those services" but that "the services were not performed" by the third party. (Doc. # 46, at 2.) But the allegations fall short of plausibly sustaining Plaintiff's proposed presumption that there is a third party with whom unearned fees were split. It seems just as plausible that, if Common Bond did charge a fee for a title service that was not performed, that Common Bond pocketed the entire fee without splitting it. Plaintiff also does not explain why it is reasonable to presume that a third party

8

would accept an illegal kickback for work that it did not do. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) ("[T]he [Supreme] Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.").

Second, Plaintiff contends that, at the very least, his Amended Complaint contains sufficient facts to raise a "'reasonable expectation that discovery will reveal evidence of the necessary element'" of fee splitting between Defendant Common Bond and some third party for title services. (Doc. # 46, at 3 (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).) The contention is unsustainable. Plaintiff admits that he does not know the identity of a third party who was supposed to perform a title search but did not do so. (Doc. # 46, at 2.) The "mere possibility" of an illegal fee-splitting arrangement between Common Bond and an unidentified third party — which is the most that can be gleaned from the allegations — is not enough to show "that the pleader is entitled to relief" under § 2607(b). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–58 (2007) ("[S]omething beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people.") (citing Fed. R. Civ. P. 8(a)). There are no "well-pleaded" allegations that plausibly suggest that there is a third party who agreed to accept a kickback from Common

9

Bond for an unearned fee for title services. *Id.* at 556. A complaint that does not assert a plausible claim "does not unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.") (footnote omitted). Rather than excuse the insufficient pleading of a claim, the lack of facts "reinforces" the conclusion that it should be dismissed. *Franklin v. Curry*, 738 F.3d 1246, 1252 n.6 (11th Cir. 2013).

Second, Plaintiff objects to the Recommendation on grounds that he did not have adequate notice that the Magistrate Judge would recommend dismissal of the RESPA claim for failure to plead the element of fee splitting. (Doc. # 46, at 3.) Plaintiff now interprets the Magistrate Judge's March 15, 2019 Order as requesting briefing only on the § 2607(b) element pertaining to charges made for services that were not performed. But this argument is problematic for at least two reasons. Initially, Plaintiff does not argue that a more precisely worded notice from the Magistrate Judge would have prompted a different response from him. Rather, in his objection, Plaintiff concedes that he has not "explicitly" pleaded the fee-splitting element of his RESPA claim because he does not know, without the benefit of discovery, but can only "presume," that there was a "split of fees" that were

unearned. (Doc. # 46, at 2–3.) Hence, permitting Plaintiff yet another opportunity to amend his complaint in federal court to allege a plausible RESPA claim would be futile. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (recognizing an exception to the "general rule against dismissal without notice" where "reversal would be futile") (cleaned up).

Additionally, Plaintiff's position that he was only on notice that he needed to address the unearned fees component of his RESPA claim is inconsistent with what he stated in his response to the March 15, 2019 Order. In that response, Plaintiff described the Magistrate Judge's order as "order[ing] briefs only on whether Plaintiff has stated a cause of action under RESPA" (*i.e.*, the whole claim). (Doc. # 44, at 2.) In any event, in that response, Plaintiff did not devote any ink to any particulars of his RESPA claim. Instead, Plaintiff pronounced briefly that, "as stated in [his amended] complaint, . . . the defendants have violated RESPA and that Plaintiff has a cognizable claim." (Doc. # 44 (quoting Doc. # 43).) Plaintiff did not indicate then that he felt constrained by the Magistrate Judge's order to address only one element of his two-element RESPA claim. Additionally, Plaintiff's suggestion that he was blindsided by the dismissal ignores that he was permitted an opportunity to amend his complaint (in part to cure Rule 8 pleading deficiencies) and that he was on notice that Defendants deemed his complaint a shotgun pleading. In sum, Plaintiff has not been denied "notice of [the court's] intent to dismiss or an

11

opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

This brings the discussion to Defendants' arguments. For the foregoing reasons, Defendants' argument that, on appeal, they will be unable to argue "with clean hands that Plaintiff had adequate notice to sustain a sua sponte dismissal on the basis of failure to plead fee splitting" is puzzling. (Doc. # 50, at 4–5.) Additionally, to the extent that Defendants raise their own objections to the Recommendation in the response to Plaintiffs' objections, those objections have not been considered because they are untimely. Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, a party has fourteen days after being served with a recommendation of a magistrate judge to file objections to the recommendation. Defendants' objections came more than two weeks after the fourteen-day deadline. (*See* Doc. # 45, at 12 (establishing August 14, 2019, as the objection deadline).)

Accordingly, the Recommendation that Plaintiff fails to state a claim under RESPA is correct. Dismissal, though, will be for failure to state a claim under Rule 12(b)(6), not for want of jurisdiction.

## C. <u>Supplemental jurisdiction over the state-law claims will be declined.</u>

A district court may decline to exercise supplemental jurisdiction over state-law claims when it has dismissed all federal-law claims over which it had original

jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (While the decision to exercise supplemental jurisdiction is discretionary, the Eleventh Circuit "ha[s] encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."). Additionally, where an action "was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005); *see also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226–27 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.") (citations omitted). Exercising its discretion, the court declines to retain supplemental jurisdiction over the state-law claims.

## II. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) The Magistrate Judge's Recommendation (Doc. # 45) is ADOPTED as MODIFIED herein;

(2) Plaintiff's objections (Doc. # 46) are OVERRULED;

(3) Plaintiff's RESPA claim is DISMISSED without prejudice for failure to state a claim;

(4) Supplemental jurisdiction over the remaining state-law claims is DECLINED;

(5) Defendants' motions to dismiss (Docs. # 35, 37) are DENIED as moot; and

(6) The state-law claims are REMANDED to the Circuit Court of Houston County, Alabama, and the Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand.

DONE this 30th day of September, 2019.

                                        /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE